IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2013 MAR 29 AM 11: 32
DEPUTY CLERK

| | |
|---|---|
| KELLY LEE MCQUEEN, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 1:11-CV-227-BL |
| § | ECF |
| § | |
| CAROLYN W. COLVIN,¹ § | |
| Acting Commissioner of Social Security, § | |
| § | |
| Defendant. § | Assigned to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

**THIS CASE** is before the court upon Plaintiff's complaint filed November 23, 2011, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's applications for a period of disability and disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act. Plaintiff filed a brief in support of his complaint on April 16, 2012 (Doc. 26); Defendant filed a brief on May 15, 2012 (Doc. 27); and Plaintiff filed a reply on June 4, 2012 (Doc. 30). The parties consented to having the United States magistrate judge conduct all further proceedings in this case on January 3, 2012 (Doc. 10), and January 13, 2013 (Doc. 26).

---

¹   Carolyn W. Colvin became Acting Commissioner of Social Security, effective February 14, 2013, and is therefore substituted as Defendant in this matter for Michael J. Astrue, per FED. R. CIV. P. 25(d)(1).

This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be affirmed and that Plaintiff's complaint should be dismissed with prejudice.

## I. STATEMENT OF THE CASE

Plaintiff filed an application for a period of disability and disability insurance benefits on August 17, 2009 and an application for supplemental security income benefits on August 6, 2009, both alleging disability beginning May 16, 2009. Tr. 131-42. Plaintiff's applications were denied initially and upon reconsideration. Tr. 67-74, 84-85. Plaintiff filed a Request for Hearing by Administrative Law Judge ("ALJ") on June 10, 2010, and this case came for hearing before the ALJ on January 27, 2011. Tr. 88, 28-62. Plaintiff, represented by an attorney, appeared and testified in his own behalf. Tr. 30-53. Plaintiff's wife also appeared and testified in his behalf. Tr. 53-58. A vocational expert ("VE") appeared and provided expert testimony. Tr. 58-61. The ALJ issued an opinion that was unfavorable to Plaintiff on March 11, 2011. Tr. 10-27.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. Tr. 13. The ALJ found that Plaintiff met the insured status requirements through December 31, 2011, and that Plaintiff had not engaged in substantial gainful activity at any time since May 16, 2009, the alleged onset date. Tr. 13, 15. The ALJ found that Plaintiff has "severe" impairments, including cervical spondylosis; status post C3-C4 discectomy and decompression; hepatitis C; obesity; and depression. Tr. 15. The ALJ found that Plaintiff's nonsevere impairments include: asthma, carpal tunnel syndrome, and gastroesophageal ("GERD") reflux disease. *Id.* The ALJ found that Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1, Tr. 16. The ALJ specifically addressed

the criteria of Sections 1.04, 5.05, and 12.04 of the Listings. Tr. 16. The ALJ evaluated Plaintiff's mental impairment, depression, using both the part B and part C criteria. The ALJ found that Plaintiff's mental impairment caused mild limitations in his daily activities; mild limitations in his social functioning; moderate limitations in concentration, persistence, and pace; and no episodes of decompensation of extended duration, as required by Sections 12.04 of the Listings. *Id.* Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. Tr. 17. The ALJ noted Plaintiff's allegations regarding his symptoms and the limitations imposed therein. Tr. 17-21. The ALJ extensively discussed Plaintiff's reports of his medical treatment and his activities of daily living and compared them with the objective medical evidence of record. *Id.* The ALJ found that Plaintiff was not fully credible, citing to Dr. Brandecker's indication that Plaintiff's pain complaints appeared to be out of proportion to his physical findings, Dr. Lindsey's questioning of Plaintiff's effort and his suspected exaggerated response, and Plaintiff's inconsistent statements to his treating and examining medical providers. Tr. 21.

The term "residual functional capacity assessment" describes an adjudicator's finding about the ability of an individual to perform work-related activities. Soc. Sec. Ruling 96-5p (July 2, 1996) ("SSR 96-5p"). The RFC assessment is based upon "*all* of the relevant evidence in the case record," including, but not limited to, medical history, medical signs and laboratory findings, the effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements,

and work evaluations. Soc. Sec. Ruling 96-8p (July 2, 1996) ("SSR 96-8p") (emphasis in original). The ALJ is responsible for determining a claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).

The ALJ found that Plaintiff retained the RFC to perform a range of work at the light exertional level, as limited to permit Plaintiff to alternate sitting and standing; does not require overhead reaching although occasional other reaching may be performed; and work limited to simple instructions and simple decisions. Tr. 17. The ALJ further found that Plaintiff could maintain such employment on a continuing and sustained basis. *Id.* The ALJ, having considered such RFC, found that Plaintiff was unable to perform any of his past relevant work. Tr. 22. The ALJ noted that Plaintiff was a younger individual as defined by applicable regulations, with a limited education, and having the ability to communicate in English. The ALJ found that the transferability of job skills was not material to a determination of disability. *Id.*

The ALJ noted that because Plaintiff did not retain the RFC to perform the full range of light work, mechanical application of the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2 ("the Grids") was not appropriate. Tr. 22. Rather, in light of the limitations that eroded Plaintiff's ability to perform light work, the ALJ relied upon the testimony of the vocational expert, who indicated that a person of the plaintiff's age, education, past relevant work experience, and residual functional capacity could perform work which existed in the national economy, including the jobs of small products assembler II, injection machine offbearer, and bench assembler. Tr. 22-23. The ALJ noted that the VE testified that such jobs typically allow up to two absences per month. Tr. 23. The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. *Id.*

Plaintiff sought review of the hearing decision and order. Tr. 7-9. The Appeals Council issued an opinion denying review of the ALJ's hearing decision. Tr. 1-6. The ALJ's decision, therefore, became the final decision of the Commissioner.

On November 23, 2011, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II. STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton*, 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 5 that Plaintiff was not disabled because he retained the ability to perform other work which exists in significant numbers in the national economy. Tr. 23.

### III. DISCUSSION

Plaintiff claims that the ALJ erred by failing to incorporate all of the limitations imposed by his impairments into the RFC determination, failing to appropriately evaluate Plaintiff's obesity, failed to consider the combined impacts of Plaintiff's impairments, and erred in making the credibility findings. The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).

Plaintiff argues that in making the RFC determination, the ALJ misstated the evidence, failed to consider the combined impact of his severe impairments, did not adequately consider the limitations imposed by his mental impairment(s) and his obesity, and erred in finding that Plaintiff's subjective allegations were not fully credible.

If the ALJ determines that the claimant has a medically determinable mental impairment, he must specify the symptoms, signs, and laboratory findings that substantiate the presence of each impairment. 20 C.F.R. §§ 404.1520a; 416.920a. He is required to evaluate the degree of functional loss resulting from Plaintiff's mental impairments as set forth in 20 C.F.R. §§ 404.1520a and 416.920a. *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001). The ALJ must evaluate the claimant's limitations in four functional areas: activities of daily living; social functioning; concentration,

persistence, or pace; and episodes of decompensation, the part "B" criteria. A five-point scale is used to rate the degree of limitation in the first three of those functional areas. 20 C.F.R. § 416.920a (c)(1)-(4). These four separate areas are deemed essential for work. *Boyd*, 239 F. 3d at 705 (citing 20 C.F.R. § 404.1520a(b)(3)). The written decision of the ALJ must incorporate pertinent findings and conclusions based on the technique and must include a specific finding of the degree of limitation in each of the functional areas described. 20 C.F.R. § 416.920a(e)(2). The PRTF represents one way in which such findings may be documented. 20 C.F.R. § 404.1520a(e). After the ALJ rates the degree of functional limitation resulting from any mental impairment(s), the ALJ determines the severity of such impairment(s). 20 C.F.R. § 416.920a(d). If the degree of functional loss falls below a specified level in each of the four areas, the ALJ must find the impairment "not severe" at step 2 of the sequential evaluation process. 20 C.F.R. § 404.1520a(c)(1). If the ALJ finds that the mental impairment is "severe" under 20 C.F.R. § 404.1520a(c)(1), the ALJ must then determine if it meets or equals a listed mental disorder under 20 C.F.R. Pt. 404, Subpt. P, app. 1, 12.00-12.09 and 20 C.F.R. § 404.1520a(c)(2). If the impairment is severe but does not reach the level of a listed disorder, then the ALJ must conduct an RFC assessment. *Boyd*, 239 F.3d at 705.

The ALJ opinion demonstrates that the ALJ evaluated Plaintiff's mental impairments under Section 12.04 of the Listing of Impairments, addressing both the part B and part C criteria. Tr. 16. The ALJ noted Plaintiff's report of generally being able to dress and groom himself, prepare simple meals, and drive. The ALJ noted that Plaintiff described aggressive behavior; experienced limitations in concentration, persistence, and pace; and reported hallucinations. *Id.* Plaintiff testified that he took the trash out, went shopping with his wife (but often sat on a bench at the store), played video games with his daughter, is able to fix himself a sandwich, vacuums, and watches movies and

TV. He testified that he showers and dresses himself, with some help from his wife to scrub his neck or pull on long-sleeves.

In evaluating Plaintiff's mental impairments, the ALJ cited many of Plaintiff's specific subjective complaints, as well as to the objective medical evidence of record. The Plaintiff's own testimony and allegations constitute substantial evidence to support the ALJ's evaluation of his mental impairment and the limitations imposed therein. The ALJ noted that Plaintiff's depression was severe, that Plaintiff declined counseling at MHMR, and that mental status examinations were consistent with severe depression. Tr. 20-21. The ALJ noted that Plaintiff was assessed Global Assessment of Functioning ("GAF")[2] score of 50[3] on Axis V upon examination by two separate psychologists. Tr. 292, 305, 19. The court notes that the indication by the consultative examiner and by Plaintiff's MHMR treatment provider that he has GAF score of 50 does not represent a medical opinion regarding any specific limitations imposed by Plaintiff's mental impairment(s). Rather, it represents a tool he used in the course of his examination, diagnosis, and treatment. In any case, "[w]hile a GAF score may be of considerable help to the ALJ in formulating the RFC, it is not essential to the RFC's accuracy." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002). The GAF is a diagnostic tool; a medical opinion as to a claimant's GAF is not automatically reflected in any RFC finding, nor does any particular GAF score necessarily correlate to specific limitations imposed by a claimant's mental impairment(s).

---

[2] The GAF score on Axis V is for reporting the client's "psychological, social, and occupational functioning." See *American Psychiatric Assoc., Diagnostic and Statistical Manual of Mental Disorders* (4th ed. 1994) at 32 ("DSM-IV"). This report of overall functioning is noted to be "useful in planning treatment and measuring its impact, and in predicting outcome." *Id.*

[3] A GAF of 41 to 50 indicates "serious symptoms" or "any serious impairment in social, occupational, or school functioning. *American Psychiatric Assoc., Diagnostic and Statistical Manual of Mental Disorders* (4th ed. 1994) at 32.

The ALJ noted in his decision the various reports regarding Plaintiff's mental impairments. The ALJ also compared Plaintiff's reports of symptoms and his subjective complaints with the findings upon examination. The record demonstrates that the ALJ appropriately considered both the subjective allegations and the report by Plaintiff of his limitations as well as the degree to which such limitations are supported by objective medical evidence in evaluating Plaintiff's mental impairments.

Plaintiff argues that the ALJ erred by failing to ascribe limitations to his obesity, and by finding that despite a recent weight gain, Plaintiff's obesity had not previously prevented him from working. Plaintiff testified that he weighed 264 pounds at the time of the ALJ hearing and had gained weight in the previous two or three months. Tr. 32. Plaintiff medical records demonstrate that his weight on August 19, 2009 was 234 pounds, with a body mass index (BMI) of 30. Tr. 254. On July 24, 2008, prior to the alleged onset date, Plaintiff's weight was noted to be 230 pounds, with a BMI of 29. Tr. 255. Plaintiff weight was noted to be 241 pounds at the time of his examination by Dr. Brandecker on November 11, 2009. Tr. 326. The ALJ specifically addressed Plaintiff's obesity and the degree to which such obesity, in combination with Plaintiff's other impairments, imposed additional limitations. The ALJ correctly noted, as supported by the evidence of record, that although Plaintiff reported a relatively recent weight gain, his obesity was long standing and existed prior to his alleged onset date. Tr. 20. The ALJ did not err in evaluating Plaintiff's obesity.

Plaintiff argues that the ALJ erred by failing to appropriately consider the combined effect of all of his impairments, in evaluating his obesity, and erred in considering his disabling pain. The claimant has the burden to prove that he is disabled within the meaning of the Social Security Act. *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987). A physical or mental impairment is in turn defined as "an impairment that results from anatomical, physiological, or psychological

abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The existence of an impairment does not in itself establish disability; a claimant is disabled only if he or she is "incapable of engaging in any substantial gainful activity." *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir.1986).

In determining whether a claimant's physical or mental impairments are of a sufficient medical severity as to be the basis of eligibility under the law, the ALJ is required to consider the combined effects of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523. *Loza*, 219 F.3d at 393. If the ALJ finds a medically severe combination of impairments, "the combined impact of the impairments will be considered throughout the disability determination process." *Id.*

The ALJ indicated in his opinion that he had considered the combined effect that Plaintiff's severe and nonsevere impairments had on his ability to perform work related activity. Tr. 16-21. Pursuant to SSR 96-7p, the adjudicator is required to go through a two-step process in evaluating a claimant's symptoms. The ALJ must first:

> consider whether there is an underlying medically determinable physical or mental impairment . . . that could reasonably be expected to produce the individual's pain or other symptoms . . . . Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. For this purpose, whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

SSR 96-7p.

The ALJ may consider various factors in assessing a claimant's credibility, including the individual's daily activities; the location, duration, frequency, and intensity of the individual's pain

or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; any palliative measures used to relieve pain or other symptoms; and any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. *Id.*

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of Plaintiff's pain or other symptoms. Tr. 17. The ALJ discussed Plaintiff's reports of pain and limitations and the degree to which such subjective complaints were consistent with other evidence in the record. Tr. 17-22. The ALJ compared Plaintiff's reports of pain with his testimony about his daily activities. *Id.* The ALJ pointed to evidence in the record indicating that Plaintiff's reports of pain were out of proportion to physical findings, that Plaintiff's effort upon examination was questioned, and that exaggerated responses were suspected by examining physicians. Tr. 21. The ALJ noted inconsistencies in the Plaintiff's reports of his activities, limitations, and other matters. *Id.* The ALJ discussed Plaintiff's activities, the objective medical evidence, and the limitations supported by the evidence of record, addressing each of Plaintiff's severe medically determinable impairments and the limitations imposed therein individually, as well as the degree to which such impairments limited Plaintiff as a whole.

The ALJ may discount subjective complaints of pain as inconsistent with other evidence in the record. *See Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (citing *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991) (citation omitted)). The subjective testimony of Plaintiff must be weighed against the objective evidence of medical diagnosis. *Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987) (citing *Jones v. Heckler*, 702 F.2d 616, 621 n.4 (5th Cir. 1983)). Subjective

evidence need not take precedence over objective evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (citing *Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir 1988)). Moreover, a factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence. *Villa*, 895 F.2d at 1024 (citing *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987).

The court finds that the ALJ's credibility determination is supported by substantial evidence in the record. The ALJ appropriately considered Plaintiff's impairments, his pain, the objective medical evidence of record, and the record as a whole in making his credibility finding. "The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)). The task of weighing the evidence is the province of the ALJ. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The relative weight to be given these pieces of evidence is within the ALJ's discretion. *Id.*

Plaintiff argues that the RFC finding does not reasonably incorporate or reflect the limitations imposed by his impairments. The term "residual functional capacity assessment" describes an adjudicator's finding about the ability of an individual to perform work-related activities. Soc. Sec. Ruling 96-5p (July 2, 1996) ("SSR 96-5p"). The RFC assessment is based upon "*all* of the relevant evidence in the case record," including, but not limited to, medical history, medical signs and laboratory findings, the effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. Soc. Sec. Ruling 96-8p (July 2, 1996) ("SSR 96-8p") (emphasis in original). The ALJ is responsible for determining a claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). The ALJ is not required to incorporate limitations into the hypothetical questions presented to the VE or into the RFC determination that

he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

In this matter, the ALJ's RFC determination is consistent with his credibility finding. The ALJ identified substantial evidence including objective and medical evidence of record, as well as Plaintiff's own testimony and subjective complaints, to support his credibility finding and his RFC determination. The ALJ did not err in considering the limitations imposed by Plaintiff's impairments, including Plaintiff's mental impairment(s), obesity, pain and other subjective complaints, singularly and in combination. The record demonstrates that the ALJ appropriately considered Plaintiff's impairments in combination in making the RFC determination. The ALJ appropriately weighed the evidence and explained the reasons for his findings. The court therefore finds that the ALJ opinion is supported by substantial evidence.

## IV. CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that the Commissioner's decision is supported by substantial evidence in the record and should be affirmed, that Plaintiff's complaint should be **DISMISSED WITH PREJUDICE**, and that judgment should be entered in favor of the Defendant.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint filed November 23, 2011 (Doc. 1), is **DISMISSED WITH PREJUDICE**.

A judgment in accordance with this Memorandum Opinion and Order shall be entered accordingly.

**SO ORDERED**.

DATED this 29th day of March 2013.

　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　　　E. SCOTT FROST
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**